IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

J-B MARKETING, INC.,

        Plaintiff,

vs.                                          Case No.:  3:12-CV-00106bbc

GOLDEN COUNTY FOODS, INC.,

        Defendant.

---

GOLDEN COUNTY FOODS, INC.,

        Defendant/Counter-Plaintiff,

vs.

J-B MARKETING, INC.,

        Plaintiff/Counter-Defendant.

---

**J-B MARKETING, INC.'S BRIEF IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

---

      NOW COMES J-B Marketing, Inc. by its attorneys, Anderson, O'Brien, Bertz, Skrenes & Golla, and hereby submits the following brief in support of its motion for summary judgment.

**SUMMARY OF J-B MARKETING, INC.,'S CLAIMS**

      This is a fairly straightforward breach of contract action by J-B Marketing, Inc.  The crux of J-B Marketing, Inc.'s claim is that it delivered a substantial amount of potatoes to Golden County Foods, Inc. during September 23, 2011 through January 9, 2012.  J-B Marketing, Inc. contends that it is undisputed that Golden County Foods, Inc. has not paid J-B Marketing, Inc.

1

for these potatoes, and the outstanding balance is $467,325.93 plus interest, which would make the total due as of September 18, 2012 the amount of $535,398.82 (see Affidavit of Jerome J. Bushman, ¶ 19 and Affidavit of Sue Wille).

## BACKGROUND

J-B Marketing, Inc. is engaged in the business of marketing and selling produce, with its principal place of business at 621 East Grand Avenue, Rosholt, WI 54473. Over the last several years, Golden County Foods, Inc. has contracted with J-B Marketing, Inc. for J-B Marketing, Inc. to produce, grade, store, load and deliver russet potatoes to Golden County Foods, Inc.'s plant located in Plover, Wisconsin. On July 22, 2010, J-B Marketing, Inc. and Golden County Foods, Inc. entered into a contract whereby J-B Marketing, Inc. would deliver potatoes to Golden County Foods, Inc.'s plant located in Plover, Wisconsin. Attached as **Exhibit A** to Affidavit of Jerome J. Bushman is a true and correct copy of the July 22, 2010 contract signed by both parties.

On July 15, 2011, both parties agreed to modify certain terms of the 2010 agreement, with the remainder of the 2010 contract remaining in full force and effect. Attached as **Exhibit B** to Affidavit of Jerome J. Bushman is a true and correct copy of the July 15, 2011 modifications of the 2010 contract. Pursuant to the 2010 contract and 2011 modifications of said contract, J-B Marketing, Inc. shipped potatoes to Golden County Foods, Inc. between September 23, 2011 and January 9, 2012. Attached as **Exhibit C** to Affidavit of Jerome J. Bushman is a true and correct copy of an itemization which is identified as Age Analysis by Customer/Shipping Date. This itemization includes the shipments of potatoes which J-B Marketing, Inc. made to Golden County Foods, Inc. between the dates of September 23, 2011

and January 9, 2012.  Golden County Foods, Inc. accepted delivery of the loads of potatoes set forth on the itemization attached as **Exhibit C**.  J-B Marketing, Inc. sent invoices to Golden County Foods, Inc. for the shipments of potatoes from September 23, 2011 through January 9, 2012.  Attached as **Exhibit D** to Affidavit of Jerome J. Bushman are true and correct copies of the invoices sent by J-B Marketing, Inc. to Golden County Foods, Inc. for all of the shipments of potatoes identified on **Exhibit C** from September 23, 2011 through January 9, 2012.

Contrary to the terms of the contract between the parties, Golden County Foods, Inc. failed to pay for the shipments of potatoes identified in **Exhibit C** and **Exhibit D** for those potatoes shipped during the period of September 23, 2011 through January 9, 2012.  The 2010 contract provides that "All pricing subject to be paid within our invoiced terms."  The terms of the invoices provided by J-B Marketing, Inc. to Golden County Foods, Inc. provide that the payment terms for the potatoes is "Net 10 days."  The invoices provided by J-B Marketing, Inc. to Golden County Foods, Inc. further provides that "Interest shall accrue on any past due account balance at the rate of 1.5% per month (18% per annum), buyer agrees to pay all costs of collection, including attorney's fees."

The invoices attached as **Exhibit D** and the itemization attached as **Exhibit C** provide that the total price of the potatoes shipped to Golden County Foods, Inc., but which have not yet been paid, total $467,328.18.  Based upon the analysis of these invoices by J-B Marketing, Inc.'s expert, Sue Wille, CPA, there is a $2.25 discrepancy between the actual amount of the invoice #2517 (January 6, 2012) compared to the amount listed on the itemization as **Exhibit C**.  Therefore, based upon an adjustment for this difference, the total amount of the outstanding invoices which should be reflected on **Exhibit C** is $467,325.93.

Included with the summary judgment materials filed by J-B Marketing, Inc., Sue Wille has set forth in her affidavit that the interest accrued up through September 18, 2012 on all outstanding invoices from September 23, 2011 through January 9, 2012 amounts to $68,072.89.

Based upon the analysis by CPA Sue Wille, the total amount of past due invoices plus interest up through September 18, 2012 is $535,398.82. This is the amount J-B Marketing, Inc. is seeking from Golden County Foods, Inc., plus additional interest accrued after said date.

Pursuant to the terms of the invoices, J-B Marketing, Inc. is also entitled to the cost of collection of payment of the outstanding invoices including attorney's fees.

J-B Marketing, Inc. had contacted Golden County Foods, Inc. on numerous occasions to bring to their attention that the invoices were still outstanding and were not being paid in a timely manner, and demanded payment of the same. These contacts took place during the summer of 2011 through December 2011, and these contacts were made prior to filing suit.

The attorneys representing J-B Marketing, Inc., in fact, sent a letter to Golden County Foods, Inc. on December 29, 2011 advising Golden County Foods, Inc. that it was in material breach of the agreements between the parties, and specifically identified the numerous invoices that have remained outstanding for a significant period of time. A true and correct copy of this letter is attached as **Exhibit E** to Affidavit of Jerome J. Bushman.

That despite this letter being sent to Golden County Foods, Inc. prior to any litigation, Golden County Foods, Inc. has still failed to pay for any of the invoices set forth in **Exhibit D** and listed in the itemization attached as **Exhibit C**.

## ARGUMENT

### AS A MATTER OF LAW, SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF J-B MARKETING, INC. BECAUSE IT DELIVERED POTATOES TO GOLDEN COUNTY FOODS, INC. AND HAS NOT BEEN PAID FOR THESE SHIPMENTS WHICH TOOK PLACE ALMOST ONE YEAR AGO.

The law which should apply to this dispute is Wisconsin state law, as Wisconsin is the state in which this federal court sits. *Sentry Insurance v. Novelty, Inc.*, 2009 U.S. Dist. Lexis 117650 (W.D. WI. 2009) citing *RLI Ins. Co. v. Conseco Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) ("When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits.")

The elements for a breach of contract under Wisconsin law are as follows:

1. The existence of a contract;

2. Breach of the contract; and

3. Damages.

*Sentry Insurance, supra*, citing *Brew City Redevelopment Group, LLC v. The Ferchill Group*, 2006 WI App. 39 ¶ 11, 289 Wis.2d 795, 807, 714 N.W.2d 582.

In this case, the undisputed facts are that a contract existed between J-B Marketing, Inc. and Golden County Foods, Inc. (see 2010 and 2011 modified contracts attached as **Exhibits A and B**, respectively, to Affidavit of Jerome J. Bushman).

It is also undisputed that Golden County Foods, Inc. accepted J-B Marketing, Inc.'s shipments of potatoes from September 23, 2011 through January 9, 2012, without paying for any of those shipments. (See Golden County Foods, Inc.'s responses to J-B Marketing, Inc.'s request to admit #s1, 2, 3, 4, 5, 6, 7, 9, and 13. These responses are attached as **Exhibit A** to the Affidavit of Richard H. Fuller). Therefore, J-B Marketing, Inc. has established the existence of a

5

contract, the breach of a contract, and damages. Sue Wille, CPA has provided an affidavit which sets forth her report, and that as of September 18, 2012, the amount of damages sustained by J-B Marketing, Inc. is $535,398.82 plus interest that is accruing daily, along with costs and attorney's fees.

## CONCLUSION

Based on the foregoing, J-B Marketing, Inc. moves the Court to grant its motion for summary judgment on its breach of contract claim, and award to J-B Marketing, Inc. the sum of $535,398.82, as of September 18, 2012, plus additional interest up through the time of the judgment, plus J-B Marketing, Inc.'s costs of collection including attorney's fees.

Dated this 29th day of October, 2012.

        ANDERSON O'BRIEN
        BERTZ, SKRENES & GOLLA


By  /s/ Richard H. Fuller
    Richard H. Fuller
    A Member of the Firm
    Attorneys for J-B Marketing, Inc.
    1257 Main Street, P.O. Box 228
    Stevens Point, WI 54481-0228
    Telephone: 715/344-0890
    State Bar No.: 1021005

## CERTIFICATE OF SERVICE

This is to certify that the following counsel were served via CM/ECF by electronically filing the foregoing with the Clerk of Court on October 29, 2012 using the CM/ECF system:

>Ms. Kristine Argentine
>Attorney at Law
>131 South Dearborn Street, Suite 2400
>Chicago, IL 60603
>kargentine@seyfarth.com
>
>Mr. Robert F. Konkol
>Attorney at Law
>P. O. Box 228
>Stevens Point, WI 54481-0228
>rfk@andlaw.com
>
>Mr. Daniel Lanciloti
>Attorney at Law
>131 South Dearborn Street, Suite 2400
>Chicago, IL 60603
>dlanciloti@seyfarth.com
>
>Mr. Scott M. Paler
>Attorney at Law
>Two East Mifflin Street, Suite 600
>Madison, WI 53703
>sxp@dewittross.com

>/s/ Richard H. Fuller
>Richard H. Fuller

RHF:dmn/25908 397271